IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>  )<br> VS. )<br>  )<br>CHARLES B. LEMON )<br>  )<br>_____ ) | Criminal No: 4:24-cr-00068-JD |

### DEFENDANT'S MOTION FOR A JUDGMENT OF ACQUITTAL

The Defendant, Charles B. Lemon, by and through his undersigned attorneys, hereby moves for a judgment of acquittal under Federal Rule of Criminal Procedure 29(a) due to the government's failure to marshal sufficient evidence to sustain its burden as to any enhanced penalty based on bodily injury or use of a dangerous weapon, and due to its failure to marshal sufficient evidence to sustain its burden as to the offense charged under 18 U.S.C. § 242.

**I.      Law**

Under Rule 29(a), on a defendant's motion, a court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). Evidence is insufficient to sustain a conviction when, viewed in the light most favorable to the prosecution, it would not allow the factfinder to determine guilt beyond a reasonable doubt. *See United States v. Wooten*, 503 F.2d 65, 66 (4th Cir. 1974).

**II.     Insufficiency of Evidence**

The Indictment charges that Charles Lemon violated 18 U.S.C. § 242 and that the offense "involved the use of a dangerous weapon and resulted in bodily injury to J.J." Section 242 provides:

> Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth,

Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

18 U.S.C. § 242.

### A. Bodily Injury

Section 242 states in relevant part that "if bodily injury results from the acts committed in violation of this section," the maximum custodial penalty increases from one year to ten years. 18 U.S.C. § 242. The jury instruction the government proposes for "bodily injury" defines the term as "a cut, abrasion, bruise, burn, or disfigurement; physical pain; illness; impairment of the function of a bodily member, organ, or mental faculty; or any other injury to the body, no matter how temporary."

The government has wholly failed to produce any evidence at all of "pain" or bodily injury. No medical evidence or nurse's records have been presented in the government's case. Trial testimony has shown that J.J. did not suffer bodily injury as a result of Deputy Cook's deployment of the taser. J.J. testified that he suffered no pain, only numbness, when Cook tased him. Furthermore, there is no evidence that J.J. suffered any injury as a result of the tasing. There is no testimony describing any such injury and the government has introduced no medical records at all referring to or substantiating any such injury; the government has wholly failed to meet its burden of proof. By his own testimony, J.J. did not suffer bodily injury as a result of being tased. As such,

no rational trier of fact could find Charles Lemon guilty beyond a reasonable doubt as to having caused J.J. to suffer bodily injury. The Court should so find as a matter of law. We respectfully submit that Question No. 2 on the Verdict Form be marked "No" by direction of this Court.

### B. Use of Dangerous Weapon

Section 242 further states that if "the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon," the maximum custodial penalty increases from one year to ten years. 18 U.S.C. § 242. The jury instruction the government proposes for "dangerous weapon" states:

> A "dangerous weapon" depends not on the object's intrinsic character but on its capacity, given the manner of its use, to endanger life or inflict serious physical harm. Almost any weapon, as used or attempted to be used, may endanger life or inflict bodily harm; as such, in appropriate circumstances, it may be a dangerous and deadly weapon. Thus, an object need not be inherently dangerous to be a dangerous weapon. Rather, innocuous objects or instruments may become capable of inflicting serious injury when put to assaultive use.

The language in both the statute and the government's instruction regarding the enhanced penalty is confined to the same idea and principle: *use* of force. The government has presented no evidence that the Defendant used a dangerous weapon during the altercation with J.J. In fact, the evidence demonstrates that Deputy Cook used the taser that struck J.J. Therefore, no rational trier of fact could find Charles Lemon guilty beyond a reasonable doubt as to having used a dangerous weapon. The Court should so find as a matter of law.

### C. Deprivation of Rights Under Color of Law

As set forth in the parties' joint proposed jury instructions, the government must prove each of the following elements beyond a reasonable doubt: (1) J.J. was present in South Carolina;

(2) Charles Lemon deprived J.J. of a right secured or protected by the Constitution or laws of the United States, here, the right to be free from the use of unreasonable force by a law enforcement officer; (3) Charles Lemon acted under color of law; and (4) Lemon acted willfully.

Based on the evidence the government has presented during its case in chief, it has wholly failed to carry its burden of proof as to the second and fourth elements of the offense. No rational trier of fact could find Charles Lemon guilty beyond a reasonable doubt as to these two elements. Therefore, we ask that the Court enter a judgment of acquittal.

## CONCLUSION

For the reasons stated above, Defendant respectfully asks that the Court grant his Motion for a Judgment of Acquittal as to the enhanced penalty based on bodily injury and to direct the response to Question No. 2 on the Verdict Form. Defendant further asks that the Court grant his Motion as to the enhanced penalty based on use of dangerous weapon. Finally, Defendant asks that the Court enter a judgment of acquittal and dismiss the Indictment due to the government's failure to marshal sufficient evidence to carry its burden of proof as to the second and fourth elements of the charged offense.

Respectfully submitted:

*s/ Isabelle Young*
Isabelle Young (Federal ID#: 14209)
Saxton & Stump, LLC
151 Meeting Street, Suite 400
Charleston, SC 29401
(843) 414-5080
iyoung@saxtonstump.com

-and-

4

<div style="margin-left: 40%;">

*s/Douglas Jennings, Jr.*
Douglas Jennings, Jr. (#2168)
Douglas Jennings Law Firm, LLC
PO Box 995
Bennettsville, SC 29512
(843) 479-2865

    -and-

L. MORGAN MARTIN, PA

*s/L. Morgan Martin*
L. Morgan Martin, Esq. (Federal ID# 1057)
1121 Third Avenue
Conway, South Carolina 29526
843-248-3177
*ATTORNEYS FOR DEFENDANT*

</div>

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No: 4:24-cr-00068-JD |
| | ) | |
| VS. | ) | |
| | ) | |
| CHARLES B. LEMON | ) | |
| | ) | |
| _____ | ) | |

CERTIFICATE OF SERVICE

    I hereby certify that I am an employee of Saxton & Stump, LLC and on August 15, 2024, I caused to be served one true and correct copy of the MOTION in the above-captioned case, via the Court's e-noticing system, but if that means failed, then by regular mail, on the following person(s):

        Everett E. McMillian, Esq.
        Assistant United States Attorney
        401 W. Evans Street, Suite 222
        Florence, SC 29501

        By:    /s/ Isabelle Young
                     Isabelle Young (Federal ID#: 14209)
                     Saxton & Stump, LLC
                     151 Meeting Street, Suite 400
                     Charleston, SC 29401
                     (843) 414-5080
                     iyoung@saxtonstump.com